IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SEDGWICK JOHNSON,**
**#20463-424,**

**Petitioner,**

vs.   Case No. 16-cv-724-DRH

**T.G. WERLICH,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Sedgwick Johnson, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner challenges his enhanced sentence as a career offender following his conviction for three drug-related crimes in the United States District Court for the Northern District of Illinois. *See United States v. Cooper*, No. 01-cr-00543-3 (N.D. Ill. 2001). He seeks resentencing.

This matter is now before the Court for review of the § 2241 petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives

this Court the authority to apply the rules to other habeas corpus cases. The Petition (Doc. 1) does not survive preliminary review under this standard and shall be dismissed.

### I.     Background

On July 21, 2001, a federal grand jury charged petitioner and two co-defendants with one count of conspiracy to possess with intent to distribute crack cocaine and powder cocaine in violation of 21 U.S.C. § 846, one count of possession with intent to distribute powder cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). *See United States v. Cooper*, No. 01-cr-00543-3 (N.D. Ill. 2001) ("criminal case") (Doc. 17). Following a jury trial, all three defendants were found guilty of all three counts on October 22, 2002. (Doc. 84, criminal case). On January 30, 2003, petitioner was sentenced to a term of 360 months' imprisonment followed by a five-year term of supervised release. (Doc. 112, criminal case).

Petitioner filed a timely appeal to the Seventh Circuit Court of Appeals. (Doc. 105, criminal case). On May 4, 2005, the Seventh Circuit ordered a limited remand for reconsideration of his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). (Doc. 144, criminal case). After considering the matter, the District Court advised the Seventh Circuit that it would impose the same sentence, and on June 1, 2007, the Seventh Circuit affirmed petitioner's sentence.

*See United States v. Johnson*, 240 F. App'x 131 (7th Cir. 2007); (Doc. 160, criminal case).

Petitioner next filed a petition for writ of certiorari to the United States Supreme Court. On February 12, 2008, the Supreme Court vacated the judgment and remanded the case to the Seventh Circuit for further consideration of the sentence in light of *Kimbrough v. United States*, 552 U.S. 85 (2007). *See Johnson v. United States*, 552 U.S. 1091 (2008). In turn, the Seventh Circuit remanded the case to the District Court with instructions to advise it whether petitioner's sentence would have been different if the District Court had known that it had discretion to deviate from the career offender guidelines after determining that the crack/powder disparity imposed by the Sentencing Guidelines yielded a sentence greater than necessary to achieve § 3553(a)'s purposes. *United States v. Johnson*, No. 13-1322 (7th Cir. Apr. 26, 2013); (Doc. 191, criminal case). The District Court again concluded that it would impose the same sentence, if the case was remanded for resentencing. (Doc. 196, criminal case). On October 25, 2013, the Seventh Circuit affirmed. *United States v. Johnson*, 535 F. App'x 534 (7th Cir. 2013); (Doc. 198, criminal case).

Petitioner filed a timely motion to vacate, set aside of correct sentence under 28 U.S.C. § 2255 on April 14, 2014. *See Johnson v. United States*, No. 14-cv-02917 (N.D. Ill. 2014) ("collateral review"). In the § 2255 motion, petitioner argued that his conviction and sentence should be vacated because his trial counsel was ineffective and the court improperly categorized him as a career

offender under the Sentencing Guidelines. With respect to his latter argument, the District Court stated:

> Johnson's final claim, and his only claim that does not relate to the performance of his counsel, is that the court erroneously considered his prior convictions in deciding to sentence him as a career offender. Again, however, the court need not reach the merits of Johnson's claim because the Seventh Circuit has repeatedly held that "the erroneous determination that the petitioner was a career offender in calculating his sentence [is] not a cognizable error under § 2255 post-*Booker*. *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (citing *Hawkins v. United States*, 706 F.3d 820, 823-25 (7th Cir. 2013)). As discussed earlier in this opinion, the court reimposed its original sentence after considering *Booker*'s holding that the Guidelines are not binding on a district court judge, (*see* Crim. Dkt. No. 157), and after considering *Kimbrough*'s holding that a district judge may deviate from the career offender guideline if the judge determines that the crack/powder disparity imposed by the Guidelines yields a sentence greater than necessary to achieve § 3553(a)'s purposes. The Seventh Circuit affirmed the court's sentence. (Crim. Dkt. No. 198.) Accordingly, even if the court erred in applying the career offender guideline in Johnson's criminal case, the claim is not cognizable in his § 2255 case.

(Doc. 22, pp. 17-18, collateral review). The District Court denied the § 2255 motion on May 25, 2015. (*Id.*). Petitioner's appeal of this decision is currently pending. *Johnson v. United States*, No. 15-2896 (7th Cir. Sept. 1, 2015).

Before commencing the instant habeas action, petitioner requested permission to file a second or successive motion to vacate under § 2255. *Johnson v. United States*, No. 16-2101 (7th Cir. May 11, 2016). Petitioner sought leave to challenge his sentence as a career offender under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Seventh Circuit denied the application on June 9, 2016. (Doc. 5). The instant § 2241 petition followed.

## II. Habeas Petition

Petitioner asks this Court to vacate his sentence. (Doc. 1, p. 5). He relies on two recent decisions of the United States Supreme Court, *i.e.*, *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), and *Welch v. United States*, 136 S. Ct. 1257 (April 18, 2016). Petitioner asserts that *Johnson* and *Welch* create a "vagueness test" that is generally applicable to all sentencing provisions. (Doc. 1, p. 8).

Petitioner was sentenced as a career offender under § 4B1.2(a)(1) of the Sentencing Guidelines based on his prior convictions in Illinois for armed robbery pursuant to 720 ILCS 5/18-2 (Case No. 09-CR-06516 and 94-CR-18620) and simple possession pursuant to 720 ILCS 570/402 (Case No. 94-CR-14123). He asserts that his armed robbery convictions do not qualify as crimes of violence under this "vagueness test" because he was not armed and did not arrive at the scene of the armed robbery until after the robbery took place. (Doc. 1, p. 7). Without a weapon, the conduct encompassed by his crime did not present a "serious potential risk of physical injury to another" and therefore did not constitute a qualifying offense. (Doc. 1, pp. 7-8). On this basis, petitioner asks the Court to vacate his sentence. He notes that *Johnson* has "broken ground in an area of little precedent" and asks this Court to broadly read *Johnson* and *Welch* and allow him to proceed.

### III. <u>Discussion</u>

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. *See* 28 U.S.C. § 2255(a). In this case, Johnson is clearly attacking his sentence. He should have filed a § 2255 motion in the sentencing court. And, as Johnson points out, he did. Further, Johnson sought permission to file a second or successive § 2255 motion, but his request was denied by the Seventh Circuit. *Johnson v. United States*, No. 16-2101 (7th Cir.) (Doc. 5).

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998). To proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change

that eludes the permission in § 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." *Id.* at 611-12.

In his attempt to trigger application of the savings clause, Johnson relies on two decisions of the United States Supreme Court that have no relevance to his case. *See Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015); *Welch v. United States*, 136 S. Ct. 1257 (April 18, 2016). Both *Johnson* and *Welch* address the "residual clause" of the Armed Career Criminal Act ("the Act"), 18 U.S.C. § 924(e). Federal law prohibits a felon from possessing a firearm. 18 U.S.C. § 922(g). A person who violates this law can be sentenced to prison for up to ten years. 18 U.S.C. § 924(a)(2). The Act increases this punishment to a minimum sentence of fifteen years and a maximum sentence of life in prison for a person in possession of a firearm who has three or more prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1).

The Act defines a "violent felony" as:

[A]ny crime punishable by imprisonment for a term exceeding one year . . . that –

(i)  has, as an element, the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The underlined portion of subsection

(ii), *i.e.*, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is referred to as the "residual clause." The other portions are referred to as the "elements clause" (18 U.S.C. § 924(e)(2)(B)(i)) and the "enumerated clause" (*i.e.*, the portion listing burglary, arson, extortion, and offenses that involve the use of explosives).

In Johnson, the Supreme Court struck down the "residual clause" as being unconstitutionally vague and held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." In *Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *See also Price v. United States*, 795 F.3d 731 (7th Cir. 2015). But Petitioner was not sentenced under the Act.

He was sentenced under the career offender guideline, *i.e.*, U.S.S.G. § 4B1.2(a)(1). Under the guidelines, a defendant qualifies as a career offender if the defendant was at least 18 years old at the time of the instant offense, the instant offense is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.C.G. § 4B1.1(a).

A "crime of violence" is defined in the guideline as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)  is burglary of a dwelling, arson, or extortion, involves the use of explosives, or <u>otherwise involves conduct that presents a</u>

<u>serious potential risk of physical injury to another</u>.

U.S.S.G.§ 4B1.2(a) (emphasis added). Like the Act, the career offender guidelines contain an elements clause (§ 4B1.2(a)(1)), an enumerated clause (§ 4B1.2(a)(2)) (listing burglary of a dwelling, arson, extortion, or involves the use of explosives), and a residual clause (underlined portion). Petitioner was sentenced under the "elements clause." However, *Johnson* and *Welch* did not address the guidelines or, more specifically, the "elements clause."

As the Seventh Circuit already pointed out when denying petitioner's application to file a second or successive § 2255 motion on June 9, 2016, the *Johnson* decision is in no way implicated in petitioner's case:

> Johnson, who was sentenced as a career offender, wants to challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. But Johnson's crime of conviction is a controlled substance offense (which is in no way implicated by *Johnson*), and he has three prior convictions in Illinois for armed robbery, which qualify as crimes of violence under the elements clause, U.S.S.G. § 4B1.2(a)(1), not the residual clause, § 4B1.2(a)(2). *United States v. Dickerson*, 901 F.2d 579, 583-85 (7th Cir. 1990). *See also United States v. Waters*, No. 15-2728, slip op. at 7, 2016 WL 3003352 (7th Cir. 2016) (Because "Waters was a career offender under § 4B1.2(a)(1) [the elements clause], Waters's argument about the residual clause is not relevant.").

*Johnson v. United States*, No. 16-2101 (7th Cir.) (Doc. 5, pp. 1-2). Johnson's application was denied on this basis.

The instant petition is subject to dismissal as well. Petitioner's reliance on *Johnson* and *Welch* is misplaced. As the Seventh Circuit emphasized last month, "*Johnson* [does not] reopen[ ] all questions about the proper classification of

prior convictions under the Guidelines and the Armed Career Criminal Act. But the sole holding of *Johnson* is that the residual clause is invalid." *Stanley v. United States*, -- F.3d --, 2016 WL 3514185, *1 (7th Cir. June 1, 2016). Because petitioner was not sentenced under the residual clause, the "savings clause" under § 2255(e) is not triggered by his § 2241 petition. Accordingly, the Petition shall be **DISMISSED** with prejudice.

### IV.   Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to

Federal Rule of Civil Procedure 59(e) may toll the 30-day[1] appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 22, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.07.22 11:43:47 -05'00'

**United States District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).